**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-1501-REB

SAN JUAN CITIZENS ALLIANCE;
CENTER FOR BIOLOGICAL DIVERSITY;

Petitioners,

v.

DEREK PADILLA, in his official capacity as District Ranger, Mancos-Dolores Ranger District, San Juan National Forest;
DAVID NEELY, in his official capacity as San Juan National Forest Supervisor;
UNITED STATES FOREST SERVICE;
UNITED STATES DEPARTMENT OF AGRICULTURE;

Respondents.

---

FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

---

Pursuant to Federal Rules of Civil Procedure 8(b) and 15(a), Federal Defendants Derek Padilla, in his official capacity as District Ranger, Mancos-Dolores Ranger District, San Juan National Forest, David Neely, in his official capacity as San Juan National Forest Supervisor, U.S. Department of Agriculture, and U.S. Forest Service ("Federal Defendants") respond to the allegations in the Complaint filed by Plaintiffs San Juan Citizen's Alliance and Center for Biological Diversity ("Plaintiffs"), ECF No. 1.[1]

[1] Plaintiffs filed a proof of service, ECF No. 8, asserting that Federal Defendants'

PREFATORY STATEMENT

Federal Defendants aver that pursuant to *Olenhouse v. Commodity Credit Corporation*, 42 F.3d 1560 (10th Cir. 1994), this matter is governed by reference to the Federal Rules of Appellate Procedure, which do not contemplate the filing of a Complaint or Answer. In *Olenhouse*, the Tenth Circuit held that challenges to federal agency actions under the Administrative Procedure Act (APA), 5 U.S.C. § 706, are not subject to the use of normal civil trial procedures:

> A district court is not exclusively a trial court. In addition to its nisi prius functions, it must sometimes act as an appellate court. Reviews of agency action in the district court must be processed as appeals. In such circumstances the district court should govern itself by referring to the Federal Rules of Appellate Procedure.

42 F.3d 1560, 1580 (10th Cir. 1994). *See also Nat'l Ski Areas Ass'n, Inc. v. U.S. Forest Serv.*, 910 F. Supp.2d 1269, 1279 (D. Colo. 2012); *Colorado Wild v. Vilsack*, 713 F. Supp.2d 1235, 1237 (D. Colo. 2010) ("I review the administrative agency's decision as an appellate body. As a result, I apply the Federal Rules of Appellate Procedure and, generally, limit my review to the evidence relied upon by the Respondents in reaching the challenged decision.") (citing *Olenhouse*, 42 F.3d at 1580).

The law in the Tenth Circuit, as set forth explicitly in *Olenhouse*, is thus clear that a Complaint is an improper vehicle for initiating claims challenging a federal agency action under the APA in federal district court. Each of Plaintiffs' claims in this case are subject to judicial review, if at all, in accordance with the judicial review provisions of the

---

answer is due August 21, 2023. Under FRCP 12, Federal Defendants are required to file "an answer to a complaint within 60 days after service on the United States attorney," FRCP 12(a)(2), and when service is made by mail, three days are added to the deadline. FRCP 6(d). Because Plaintiffs' proof of service shows the complaint was mailed on June 20, 2023 and Federal Defendants were served by mail to the U.S. Attorneys' Office on June 23, 2023, the answer in this case is due August 22, 2023.

APA. Therefore, Plaintiffs' Complaint should be treated as a Petition for Review of Agency Action, to which no Answer is required under the Federal Rules of Civil Procedure, which are inapplicable. Nonetheless, Federal Defendants provide this Answer as a matter of judicial efficiency, without waiving any rights or objections Federal Defendants may have for the proper procedure for judicial review of Plaintiffs' claims.

The paragraph numbers, headings, and subheadings in this Answer correspond to the paragraph numbers, headings, and subheadings in Plaintiffs' Complaint, but to the extent those headings or subheadings expressly or implicitly include substantive legal or factual allegations, Federal Defendants deny those allegations. Federal Defendants do not waive any defensive theory or agree to or admit that Plaintiffs' headings are accurate, appropriate, or substantiated. When a textual sentence is followed by a citation or citations, the textual sentence and its accompanying citation are referred to as one sentence.

1. The allegations in the first sentence of Paragraph 1 constitute Plaintiffs' characterization of this lawsuit to which no response is required; to the extent that a response is required, Federal Defendants deny the allegations and deny any violation of law. Federal Defendants admit the Dolores River watershed is known for a diverse landscape that stretches from 14,000-foot peaks, through spectacular forests, and into redrock canyons and mesas. Federal Defendants admit that that the watershed and project area contain wildlife habitat, recreational opportunities, and cultural resources, but deny the remaining allegations in the third sentence of Paragraph 1 on the basis they are vague and overbroad.

2. Federal Defendants aver that the Salter Vegetation Management Project ("Salter Project") authorizes five silvicultural treatments to move the area towards desired conditions. The remaining allegations in the first sentence of Paragraph 2 constitute Plaintiffs' characterization of this lawsuit to which no response is required; to the extent that a response is required, Federal Defendants deny the allegations and deny any violation of law. The allegations in the second sentence of Paragraph 2 purport to characterize a map contained in the Salter Project Decision Notice and Finding of No Significant Impact (DN/FONSI) which speak for themselves and are the best evidence of their contents.
3. The allegations in the first sentence of Paragraph 3 constitute Plaintiffs' characterization of this lawsuit to which no response is required; to the extent that a response is required, Federal Defendants deny the allegations and deny any violation of law. Federal Defendants deny the allegations in the second and third sentences of Paragraph 3 on the basis they are vague and overbroad. The allegations in the fourth sentence of Paragraph 3 constitute Plaintiffs' characterization of this lawsuit to which no response is required; to the extent that a response is required, Federal Defendants deny the allegations and deny any violation of law. Federal Defendants deny the allegations in the fifth and sixth sentences of Paragraph 3.
4. Federal Defendants admit the Salter Project area is located near Dolores, Colorado and involves landscape features known as Salter Y, Plateau Creek, Carlyle Point, Turkey Knoll, and Boggy Draw. Federal Defendants also admit the landscape provides important wildlife habitat for elk, mule deer, forest raptors and other

species. The allegations in the third sentence of Paragraph 4 are vague and overbroad and denied on that basis. Federal Defendants admit thousands of people come to this area year-round to enjoy the scenery, solitude, abundance of wildlife, and myriad recreation opportunities that include biking, climbing, hiking, hunting, and skiing, to name a few. Federal Defendants admit these opportunities support a recreation economy and draw residents and visitors alike, although deny the characterization “robust” because it is subjective. Federal Defendants admit the Salter Project is on National Forest lands that are bordered in multiple locations by state and private lands. Federal Defendants admit major watershed features include the Dolores River and McPhee Reservoir on the west and the West Dolores and Dolores Rivers on the east. Federal Defendants admit that the watershed is tributary to the Colorado River and deny the remaining allegations in the eighth sentence of Paragraph 4 on the basis they are vague. Federal Defendants admit the Salter Project is subject to existing allocations of water pursuant to the Endangered Species Act, the Colorado River Compact, and other federal environmental and water allocation laws with the clarification that no water use is proposed as a part of the Salter Project. The allegations in the tenth sentence of Paragraph 4 are denied on the basis that they are vague and overly broad. But Federal Defendants clarify that there is no suitable habitat or critical habitat for any species protected by the Endangered Species Act within the analysis area.

5. Federal Defendants deny the allegations in the first sentence of Paragraph 5 and aver that the United States Forest Service (collectively, “Forest Service” or “Agency”) issued a Decision Notice and Finding of No Significant Impact (“DN/FONSI”)

approving immediate implementation of the Salter Project on November 18, 2021. Federal Defendants admit that the DN/FONSI is an agency action. The remaining allegations in the second sentence of Paragraph 5 constitute legal conclusions, to which no response is required.

6. Federal Defendants admit that management of each unit of the National Forest System is governed by a Forest Plan that charts a general course for the planning unit over a 15-year period. Federal Defendants admit the Forest Service complies with the National Environmental Policy Act ("NEPA") when issuing or amending Forest Plans. The remainder of the allegations in the second sentence of Paragraph 6 purport to characterize the National Environmental Policy Act ("NEPA"), 42 U.S.C. 4231 et seq., which speaks for itself and is the best evidence of its contents. The allegations in the third sentence of Paragraph 6 purport to characterize the National Forest Management Act ("NFMA"), 16 U.S.C. 1604(i), which speaks for itself and is the best evidence of its contents. The allegations in the fourth sentence of Paragraph 6 constitute Plaintiffs' characterization of this lawsuit to which no response is required. Federal Defendants aver that the Forest Service complies with NEPA and NFMA when authorizing forest management decisions.

7. Federal Defendants admit the allegations in the first and second sentences of Paragraph 7.

8. The allegations in the first, second, and third sentences of Paragraph 8 purport to characterize the Salter Project EA and DN/FONSI, which speaks for itself and is the best evidence of its contents. The allegations in the fourth sentence of Paragraph 8 are denied on the basis that they are vague and overly broad.

9. The allegations in Paragraph 9 purport to characterize the Salter Project DN/FONSI, which speaks for itself and is the best evidence of its contents and contain legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 9.

10. The allegations in the first sentence of Paragraph 10 purport to characterize the Salter Project DN/FONSI, which speaks for itself and is the best evidence of its contents. The allegations in the second sentence of Paragraph 10 purport to characterize NFMA, which speaks for itself and is the best evidence of its contents and contain legal conclusions to which no response is required.

11. The allegations in Paragraph 11 purport to characterize the Salter Project EA and DN/FONSI, which speak themselves and are the best evidence of their contents, and the allegations contain legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 11.

12. Federal Defendants deny the allegations in the first sentence of Paragraph 12 with the clarification that additional surveys for wildlife, cultural resources, and timber stand conditions would be completed prior to implementation and that the DN/FONSI authorized treatment on approximately 22,346 acres. The allegations in the second sentence of Paragraph 12 are denied on the basis that they are vague and overly broad, and appear to characterize the Salter Project DN/FONSI, which speaks for itself and is the best evidence of its contents. The allegations in the third sentence of Paragraph 12 constitute Plaintiffs' characterization of this lawsuit to which no response is required; to the extent that a response is required, Federal Defendants

deny the allegations and deny any violation of law. Federal Defendants admit the allegations in the fourth sentence of Paragraph 12 that the DN/FONSI is an agency action. The remaining allegations in the fourth sentence of Paragraph 12 are denied on the basis that they are vague and overly broad and contain legal conclusions to which no response is required.

13. The allegations in the first sentence of Paragraph 13 purport to characterize the Salter Project EA and NEPA, which speaks for themselves and are the best evidence of their contents. The allegations in the second sentence of Paragraph 13 purport to characterize unidentified internal Forest Service memos, which speak for themselves and are the best evidence of their contents. The remaining allegations in the third sentence of Paragraph 13 characterize the Salter Project DN/FONSI, which speaks for itself and is the best evidence of its contents, and constitute legal conclusions, to which no response is required.

14. The allegations in the first and second sentences of Paragraph 14 purport to characterize the Salter Project EA, which speaks for itself and is the best evidence of its contents, and contain legal conclusions to which no response is required. . The allegations in the third and fourth sentence of Paragraph 14 constitute legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in the first, second, third, and fourth sentences of Paragraph 14. The allegations in the fifth and sixth sentences of Paragraph 14 are vague and over broad and denied on that basis.

15. Federal Defendants deny the allegations in the first sentence of Paragraph 15. The allegations in the second and third sentences of Paragraph 15 purport to

characterize the Salter Project DN/FONSI, which speaks for itself and is the best evidence of its contents and contain legal conclusions to which no response is required. The allegations in the fourth sentence of Paragraph 15 constitute legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in the second, third, and fourth sentences of Paragraph 15.

16. The allegations in the first and third sentences of Paragraph 16 purport to characterize the Salter Project EA, which speaks for itself and is the best evidence of its contents. The allegations in the second sentence of Paragraph 16 purport to characterize NEPA regulations, which speak for themselves and are the best evidence of their contents.

17. In response to the allegations in the first sentence of Paragraph 17, Federal Defendants admit Plaintiffs submitted comments. The remainder of the allegations in the first sentence of Paragraph 17 purport to characterize Plaintiff comments, which speak for themselves and are the best evidence of their contents. In response the allegations in the second sentence of Paragraph 17 Federal Defendants admit Plaintiffs participated in the pre-decisional objection process. Federal Defendants deny the remaining allegations in the second sentence of Paragraph 17 on the basis the allegations are vague. Federal Defendants admit the allegations in the third sentence of Paragraph 17. Federal Defendants deny the allegations in the fourth sentence of Paragraph 17 and aver that the challenged decision was subject to review by the Forest Supervisor pursuant to 36 C.F.R. Part 218.

18. Federal Defendants admit the allegations in the first, second, third, and fourth

sentence in Paragraph 18 and deny any violation of law.

19. Federal Defendants deny the allegations in Paragraph 19.

20. Federal Defendants deny the allegations in Paragraph 20.

**"JURISDICTION AND VENUE"**

21. The allegations of Paragraph 21 constitute conclusions of law and statements regarding jurisdiction, to which no response is required.

22. The allegations in the first sentence of Paragraph 22 constitute conclusions of law and statements regarding jurisdiction, to which no response is required. In response to the allegations in the second sentence of Paragraph 22, Federal Defendants admit the project area is located in southwest Colorado within Dolores and Montezuma Counties. Federal Defendants lack knowledge or information sufficient to be able either to admit or deny the allegations in the third sentence of Paragraph 23 and on that basis deny the allegations. The allegations in the fourth sentence constitute legal conclusions to which no response is required, but admit that the Dolores Ranger District, the San Juan National Forest, and the Rocky Mountain Regional Office are located in Colorado.

23. Federal Defendants lack knowledge or information sufficient to be able either to admit or deny the allegations in Paragraph 23 and on that basis deny the allegations.

24. Federal Defendants lack knowledge or information sufficient to be able either to admit or deny the allegations in Paragraph 24 and on that basis deny the allegations.

25. Federal Defendants lack knowledge or information sufficient to be able either to

admit or deny the allegations in Paragraph 25 and on that basis deny the allegations.

26. Federal Defendants admit the allegations in the first, second, third, and fourth sentences of Paragraph 26.

27. The allegations in the first sentence of Paragraph 27 constitute legal conclusions, to which no response is required. The allegations in the second sentence of Paragraph 27 are vague and over broad and are denied on that basis.

28. Federal Defendants lack knowledge or information sufficient to be able either to admit or deny the allegations in first, third, and fourth sentences Paragraph 28 and on that basis deny the allegations. The allegations in the fifth sentence of Paragraph 28 constitute legal conclusions, to which no response is required. Federal Defendants deny the allegations in the second and sixth sentences of Paragraph 28.

29. The allegations in the first sentence of Paragraph 29 constitute legal conclusions, to which no response is required.

30. The allegations in the first two clauses of Paragraph 30 constitute legal conclusions, to which no response is required. Federal Defendants lack knowledge or information sufficient to be able either to admit or deny the remaining allegations in Paragraph 30 and on that basis deny the allegations.

31. The allegations in the first clause of Paragraph 31 constitute legal conclusions, to which no response is required. Federal Defendants lack knowledge or information sufficient to be able either to admit or deny the remaining allegations in Paragraph 31 and on that basis deny the allegations.

32. Federal Defendants admit Derek Padilla was District Ranger, Mancos-Dolores

Ranger District, San Juan National Forest who signed the Decision Notice and Finding of No Significant Impact ("DN/FONSI") approving immediate implementation of the Salter Project in November 2021. Federal Defendants admit the remaining allegations in Paragraph 32 with the clarification that Derek Padilla is no longer the District Ranger for the Mancos-Dolores Ranger District. The remaining allegations in Paragraph 32 constitute Plaintiffs' characterization of this lawsuit to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations and deny any violation of law.

33. Federal Defendants admit the allegations in Paragraph 33.

34. Federal Defendants admit the allegations in the first and second sentences of Paragraph 34. Federal Defendants deny the allegations in the third and fourth sentences of Paragraph 34 on the basis the allegations are vague and over broad.

35. Federal Defendants admit the allegations in the first sentence of Paragraph 35. The allegations in the second and third sentences of Paragraph 35 are vague and overbroad and are denied on that basis. The remaining allegations in Paragraph 35 constitute legal conclusions to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations and deny any violation of law.

**"FEDERAL STATUTORY FRAMEWORK"**

36. The allegations in the first sentence of Paragraph 36 constitute conclusions of law, to which no response is required, and characterize and quote NEPA and NFMA, which speaks for themselves and are the best evidence of their contents. The allegations in the second sentence of Paragraph 36 constitute conclusions of law, to

which no response is required, and characterize the APA, which speaks for itself and is the best evidence of its contents.

**"The National Environmental Policy Act"**

37. The allegations in Paragraph 37 constitute conclusions of law, to which no response is required, and characterize and quote NEPA, which speaks for itself and is the best evidence of its contents.

38. The allegations in Paragraph 38 characterize and quote NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.

39. The allegations in Paragraph 39 characterize and quote NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.

40. The allegations in Paragraph 40 characterize and quote NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.

41. The allegations in Paragraph 41 characterize and quote NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.

42. The allegations in Paragraph 42 characterize and quote NEPA, which speaks for itself and is the best evidence of its contents.

43. The allegations in Paragraph 43 characterize and quote NEPA and unidentified caselaw, which speak for themselves and are the best evidence of their contents.

44. The allegations in Paragraph 44 characterize and quote NEPA, which speaks for itself and is the best evidence of its contents.

45. The allegations in Paragraph 45 characterize and quote NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.

46. The allegations in Paragraph 46 characterize and quote NEPA and its implementing

regulations, which speak for themselves and are the best evidence of their contents.

47. The allegations in Paragraph 47 characterize and quote NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.

48. The allegations in Paragraph 48 characterize and quote NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.

49. The allegations in Paragraph 49 characterize and quote NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents.

50. The allegations in Paragraph 50 characterize and quote NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents.

51. The allegations in Paragraph 51 characterize and quote NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents.

52. The allegations in Paragraph 52 characterize and quote NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents.

**"The National Forest Management Act"**

53. The allegations in Paragraph 53 characterize and quote NFMA, which speaks for itself and is the best evidence of its contents.

54. The allegations in Paragraph 54 characterize and quote NFMA, which speaks for itself and is the best evidence of its contents.

55. The allegations in Paragraph 55 characterize and quote NFMA, which speaks for itself and is the best evidence of its contents.

56. The allegations in Paragraph 56 characterize and quote NFMA, which speaks for itself and is the best evidence of its contents.

57. The allegations in Paragraph 57 characterize NFMA, which speaks for itself and is

the best evidence of its contents.

## "FACTS"

### "Setting"

58. Federal Defendants admit the allegations in the first sentence of Paragraph 58 with the clarification that the San Juan National Forest encompasses approximately 1,867,800 acres. Federal Defendants admit the allegations in the second, third and fourth sentences of Paragraph 58.

59. Federal Defendants admit the allegations in the first and second sentences of Paragraph 59. Federal Defendants admit the allegations in the third sentence of Paragraph 59 which the exception of the subjective characterization "prized." with the clarification that the project area is used primarily by big game as they transition from higher to lower elevations. Federal Defendants deny the allegations in the fifth, fourth, sixth, seventh, and eighth sentences of Paragraph 59 on the basis the allegations are over broad.

60. . The allegations in the first, second, and fourth sentences of Paragraph 60 purport to characterize the LRMP, which speaks for itself and is the best evidence of its contents. Federal Defendants admit the allegations in the third sentence of Paragraph 60 with the clarification that the Management Area 5 is for Active Management.

61. Federal Defendants admit the allegations in the first, second, and fifth sentences of Paragraph 61. Federal Defendants deny the allegations in the third and fourth sentences of Paragraph 61 as vague and overbroad.

**"Administrative Process"**

62. Federal Defendants admit the allegations in the first sentence of Paragraph 62. The remainder of the allegations in Paragraph 62 purport to characterize the Forest Plan for the San Juan National Forest, which speaks for itself and is the best evidence of its contents.

63. Federal Defendants admit the allegations in the first and fourth sentence of Paragraph 63. Federal Defendants deny the allegations in the third sentence of Paragraph 63 and aver that temporary roads will be constructed and rehabilitated for the Salter Project. The allegations in the second sentence of Paragraph 63 purport to characterize the Salter Project EA "Purpose and Need", which speaks for itself and is the best evidence of its contents.

64. Federal Defendants admit the allegations in Paragraph 64.

65. The allegations in the first sentence of Paragraph 65 purport to characterize the scoping document for the Salter Project which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the scoping document. Federal Defendants admit the allegations in the second sentence of Paragraph 65 with the clarification that beetle impacts have also increased wildfire risk in the area.

66. Federal Defendants admit the allegations in the first and second sentences of Paragraph 66. The allegations in the third, fourth, fifth, and sixth sentences of Paragraph 66 purport to characterize the SJCA comments, which speak for themselves and are the best evidence of their contents.

67. Federal Defendants admit the allegations in the first sentence of Paragraph 67. The allegations in the second, third, fourth, fifth, and sixth sentences of Paragraph 67 purport to characterize and quote the Center's comments on the Salter Project, which speak for themselves and are the best evidence of their contents.

68. Federal Defendants admit the allegations in the first sentence of Paragraph 68 with the clarification Dr. Baker submitted comments on March 22, 2020. The allegations in the second sentence of Paragraph 68 purport to characterize and quote the Dr. Baker's comments, which speak for themselves and are the best evidence of their contents.

69. Federal Defendants admit the allegations in the first, second, third, fourth, fifth, and seventh sentences of Paragraph 69, except that Defendants lack knowledge or information sufficient to be able either to admit or deny the allegations that DWRF conducted 660 hours of stakeholder meetings and 202 hours developing metrics over the course of a year. The allegations in the sixth sentence of Paragraph 69 characterize DWRF's desired conditions document, which speaks for itself and is the best evidence of its contents. The allegations in the eighth sentence of Paragraph 69 purport to characterize the Draft and Final EAs, which speak for themselves and are the best evidence of their contents..

70. Federal Defendants admit the allegations in the first and third sentences of Paragraph 70. The allegations in the second sentence of Paragraph 70 characterize the Salter Project EA, which speaks for itself and is the best evidence of its contents. The allegations in the fourth sentence of Paragraph 70 quote the Salter Project EA, which speaks for itself and is the best evidence of its contents.

71. Federal Defendants deny the allegations in the first sentence of Paragraph 71 and aver that the Dolores Ranger District received 113 comments during the public comment period. The allegations in the second and third sentences of Paragraph 71 purport to characterize public comments which speak for themselves and are the best evidence of their contents. The allegations in the fourth sentence of Paragraph 71 purport to characterize a May 10, 2021 article in the Four Corners Free Press which speaks for itself and is the best evidence of its contents.

72. Federal Defendants admit the allegations in the first sentence of Paragraph 72, and aver that two other environmental organizations, Wild Turkey Federation and Dolores Water Conservancy District, submitted comments urging the SJNF not to adopt a 20" diameter cap/Alternative 3. Federal Defendants further aver that, among others, the Colorado Parks and Wildlife, the Town of Dolores, Montezuma County, and Intermountain Forest Association submitted comments in support of the Project. Federal Defendants also admit the allegations in the first clause of the second sentence of Paragraph 72 that Dr. Baker filed timely comments on the EA. Federal Defendants deny the allegations in the second clause of the second sentence of Paragraph 72 and aver that the quoted text is an excerpt from Dr. Baker's objection, not his public comment.

73. Federal Defendants admit the allegations in the first sentence of Paragraph 73. The allegations in the second and third sentences of Paragraph 73 purports to characterize the Final EA, which speaks for itself and is the best evidence of its contents.

74. The allegations in the first, second and third sentences of Paragraph 74 purports to characterize the Final EA, which speaks for itself and is the best evidence of its contents.

75. Federal Defendants admit the allegations in the first sentence of Paragraph 75. The allegations in the second sentence of Paragraph 75 purport to characterize the objections, which speak for themselves and are the best evidence of their contents.

76. Federal Defendants admit the allegations in the first, second, and third sentences of Paragraph 76 with the clarification that the Forest Service agreed to establish a 50-foot “visual corridor” of tree retention on either side of non-motorized trails in the Boggy Draw area which will measure 50-feet from center of the trail. The allegations in the fourth sentence of Paragraph 76 are vague and over broad and denied on that basis.

77. In response to the allegations in the first sentence of Paragraph 77 Federal Defendants admit that on November 18, 2021 the SJNF issued a Final DN/FONSI for the Salter Project signed by District Ranger Padilla, the Responsible Official for the Project. The remainder of the allegations in the first sentence of Paragraph 77 constitute legal conclusions to which no response is required. The allegations in the second sentence of Paragraph 77 constitute legal conclusions to which no response is required. The allegations in the third sentence of Paragraph 77 purports to characterize the Final DN/FONSI, which speaks for itself and is the best evidence of its contents.

78. Federal Defendants deny the allegations in the first, second, fourth, fifth, and sixth sentence of Paragraph 78. The allegations in the third sentence of Paragraph 78 are vague and over broad and are denied on that basis.

**"Issues, Impacts, and Alternatives not Subjected to Interdisciplinary Analysis"**

79. Federal Defendants admit the allegations in the first sentence of Paragraph 79. Federal Defendants deny the allegations in the second sentence of Paragraph 79. Federal Defendants deny the allegations in the third sentence but aver that the Forest Service does not anticipate preparing an environmental assessment or environmental impact statement under NEPA for implementation of the Salter Project.

80. Federal Defendants deny the allegations in the first sentence of Paragraph 80. Federal Defendants admit the allegations in the second sentence of Paragraph 80 with the clarification that instances of shared alignment have been identified and a separate decision (the Dolores Recreation Access and Infrastructure Improvement Project Decision Notice) authorizes reroutes to preserve the existing recreation experience where these alignments are unavoidable. Federal Defendants admit the allegations in the third sentence of Paragraph 80. Federal Defendants admit the allegations in the fourth sentence of Paragraph 80 and aver the transportation plan does not require NEPA analysis.

**"CLAIMS FOR RELIEF"**

**"FIRST CLAIM FOR RELIEF"**

***"NEPA – Failure to Use a Lawful NEPA Process to Inform the Decisionmaking"***

81. Federal Defendants incorporate by reference their responses to each paragraph in this Answer.
82. Federal Defendants deny the allegations in Paragraph 82.
83. The allegations in the first sentence of Paragraph 83 constitute legal conclusions to which no response is required, and purport to characterize and quote NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in the second sentence of Paragraph 83.
84. The allegations in the first sentence of Paragraph 84 purport to characterize the Salter Project DN/FONSI which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in the second sentence of Paragraph 84.
85. The allegations in the first and second sentences of Paragraph 85 purport to characterize and quote NEPA and NMFA, which speak for themselves and are the best evidence of their contents. The allegations in the third sentence of Paragraph 85 are vague and over broad and are denied on that basis.
86. Federal Defendants deny the allegations in the first sentence of Paragraph 86. The allegations in the second sentence of Paragraph 86 purport to characterize the Salter Project DN/FONSI, which speak for themselves and are the best evidence of their contents. The allegations in the third sentence of Paragraph 86 constitute legal conclusions to which no response is required.
87. Federal Defendants deny the allegations in Paragraph 87.

88. Federal Defendants deny the allegations in the first sentence of Paragraph. The allegations in the second sentence of Paragraph 88 constitute Plaintiffs' characterization of their case to which no response is required; to the extent that a response is required, Federal Defendants deny the allegations and deny any violation of law.
89. Federal Defendants deny the allegations in Paragraph 89.

## "SECOND CLAIM FOR RELIEF"

### *"NEPA Failure to Prepare an Environmental Impact Statement Where the Significance Threshold is Met"*

90. Federal Defendants incorporate by reference their responses to each paragraph in this Answer.
91. The allegations in the first sentence of Paragraph 91 purport to characterize and quote NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. The allegations in the second sentence of Paragraph 91 constitute legal conclusions to which no response is required.
92. The allegations in Paragraph 92 purport to characterize and quote NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.
93. Federal Defendants deny the allegations in Paragraph 93.
94. Federal Defendants deny the allegations in Paragraph 94.
95. Federal Defendants deny the allegations in Paragraph 95.
96. Federal Defendants deny the allegations in Paragraph 96.
97. Federal Defendants deny the allegations in Paragraph 97.

98. Federal Defendants deny the allegations in Paragraph 98.

**"THIRD CLAIM FOR RELIEF"**

***"National Environmental Policy Act – Significant Impacts Requiring an EIS Cannot Be Avoided by Listing Mitigation Measures (aka "Project Design Features")"***

99. Federal Defendants incorporate by reference their responses to each paragraph in this Answer.

100. The allegations in the first sentence of Paragraph 100 purport to characterize NEPA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in the second sentence of Paragraph 100. The allegations in the third sentence of Paragraph 100 constitute legal conclusions, to which no response is required.

101. Federal Defendants deny the allegations in Paragraph 101.

102. Federal Defendants deny the allegations in Paragraph 102.

**"FOURTH CLAIM FOR RELIEF"**

***"National Environmental Policy Act -- EA fails to identify and analyze the effectiveness of available mitigation measures"***

103. Federal Defendants incorporate by reference their responses to each paragraph in this Answer.

104. The allegations in Paragraph 104 purport to characterize and quote NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.

105. The allegations in Paragraph 105 purport to characterize and quote NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.

106. Federal Defendants deny the allegations in Paragraph 106.

107. The allegations in Paragraph 107 constitute legal conclusions, to which no response is required. Further, the allegations in the third sentence of Paragraph 107 purports to characterize the EA, which speaks for itself and is the best evidence of its contents.

108. Federal Defendants deny the allegations in Paragraph 108.

## "FIFTH CLAIM FOR RELIEF"

### *"National Environmental Policy Act – Unreasonably Narrow Range of Alternatives"*

\

109. Federal Defendants incorporate by reference their responses to each paragraph in this Answer.

110. The allegations in Paragraph 110 purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.

111. Federal Defendants deny the allegations in Paragraph 111.

112. Federal Defendants deny the allegations in Paragraph 112.

113. Federal Defendants deny the allegations in Paragraph 113.

114. Federal Defendants deny the allegations in Paragraph 114.

115. Federal Defendants deny the allegations in Paragraph 115.

## "SIXTH CLAIM FOR RELIEF"

### *"National Environmental Policy Act– Identification and Analysis of Historic and Cultural Resources Unlawfully Delayed"*

116. Federal Defendants incorporate by reference their responses to each paragraph in this Answer.

117. The allegations in Paragraph 117 purport to characterize and quote NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.

118. The allegations in Paragraph 118 purport to characterize NEPA, its implementing regulations, and unidentified "other laws," which speak for themselves and are the best evidence of their contents.

119. Federal Defendants deny the allegations in Paragraph 119.

120. Federal Defendants deny the allegations in Paragraph 120.

121. Federal Defendants deny the allegations in Paragraph 121.

## "SEVENTH CLAIM FOR RELIEF"

### *"National Environmental Policy Act – Hard Look Duties were Not Met"*

122. Federal Defendants incorporate by reference their responses to each paragraph in this Answer.

123. The allegations in Paragraph 123 purport to characterize and quote NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.

124. The allegations in Paragraph 124 purport to characterize and quote NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.

125. The allegations in Paragraph 125 purport to characterize and quote NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.

126. The allegations in the first sentence of Paragraph 126 purport to characterize the Salter Project EA, which speaks for itself and is the best evidence of its contents. The allegations in the second sentence of Paragraph 126 purport to characterize comments from Plaintiffs and the public, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in the third sentence of Paragraph 126.

127. Federal Defendants deny the allegations in Paragraph 127.

128. Federal Defendants deny the allegations in Paragraph 128.

## "**REQUEST FOR RELIEF**"

The remainder of the Complaint consists of Plaintiffs' Request for Relief, to which no response is required, but in the event that a response is deemed required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

Federal Defendants deny any and all allegations in Plaintiffs' Complaint, whether express or implied, that are not qualifiedly admitted.

## DEFENSES

1. Plaintiffs fail to state a claim upon which relief may be granted for some or all claims in the Complaint.

2. Some or all claims in the Complaint are not justiciable.

3. Plaintiffs have failed to exhaust administrative remedies for some or all claims in the Complaint.

Respectfully submitted this 21th day of August, 2023.

TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

*/s/ Leilani Doktor*
LEILANI DOKTOR (HI Bar No. 11201)
Trial Attorney, Natural Resources Section
150 M St. NE, Suite 3.1002
Washington, D.C. 20044-7611
Phone: (202) 305-0447
leilani.doktor@usdoj.gov

*/s/ Emma L. Hamilton*
EMMA L. HAMILTON (CA Bar No. 325360)
Trial Attorney, Natural Resources Section
999 18th Street – South Terrace, Suite 370
Denver, CO 80202
Tel: (303) 844-1361
Fax: (303) 844-1350
emma.hamilton@usdoj.gov

*Attorneys for Federal Defendants*