**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| SAN JUAN CITIZENS ALLIANCE, and<br>CENTER FOR BIOLOGICAL DIVERSITY<br><br>Petitioners,<br><br>v.<br><br>DEREK PADILLA, in his Official Capacity, et al.<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 23-cv-1501-REB |

**PROPOSED JOINT CASE MANAGEMENT PLAN FOR PETITION FOR REVIEW OF AGENCY ACTION**

## 1. APPEARANCES OF COUNSEL

For Petitioners:

*s/Travis E. Stills*
Travis E. Stills
Energy & Conservation Law
227 E. 14th Street #201
Durango, Colorado 81301
(970) 375-9231
stills@eclawoffice.org

*Attorney for Petitioners*

John W. Rader
San Juan Citizens Alliance
1309 E. 3rd Ave #5
Durango, CO 81301
(970) 259-3593
john@sanjuancitizens.org

*Attorney for Petitioner San Juan Citizens Alliance*

Edward B. Zukoski
Center for Biological Diversity
1536 Wynkoop Street, Suite 421
Denver, CO 80202
(303) 641-3149
tzukoski@biologicaldiversity.org

*Attorney for Petitioner Center for Biological Diversity*

For Respondent:

Emma L. Hamilton
United States Department of Justice
Environment & Natural Resources Division
999 18th Street
South Terrace, Suite 370
Denver, CO 80202

(303) 844-1361
emma.hamilton@usdoj.gov

Leilani Doktor
United States Department of Justice
Environment & Natural Resources Division
Benjamin Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0447
leilani.doktor@usdoj.gov

*Attorneys for Respondents*

## 2. STATEMENT OF LEGAL BASIS FOR SUBJECT MATTER JURISDICTION

A. Petitioners assert that the Court has jurisdiction based on the

presentation of federal question. 28 U.S.C. § 1331. Petitioners respectfully submit that an actual, justiciable controversy exists between Petitioners and Respondent and that Petitioners have alleged the required elements to establish Article III standing. *See e.g.* ECF 1 at ¶¶21-35. Each challenged agency action is final and subject to judicial review under 5 U.S.C. §§ 702, 704, and 706. This Court also has jurisdiction over Petitioner's claims pursuant to 28 U.S.C. § 1346 and may issue a declaratory judgment and further relief pursuant to 28 U.S.C. §§ 2201-2202, 2412 and 5 U.S.C. §§ 705, 706.

C. Respondents assert that the Court may lack jurisdiction over some or all of Petitioner's claims due to waiver, and/or failure to exhaust administrative remedies. Respondents will raise any jurisdictional defenses in their merits brief.

## 3. DATES OF FILING OF RELEVANT PLEADINGS

**A. Date Petition for Review Was Filed:** June 14, 2023

**B. Date Petition for Review Was Served on U.S. Attorney's Office:** June 20, 2023, ECF 8 (Proof of Service)

**C. Date Answer or Other Response Was Filed:** August 21, 2023

## 4. STATEMENT(S) REGARDING WHETHER THIS CASE RAISES UNUSUAL CLAIMS OR DEFENSES

This case does not raise unusual claims or defenses.

## 5. OTHER MATTERS

A. The parties have agreed to attempt to avoid potential Rule 65 motions practice by seeking to move expeditiously forward with briefing and resolution of the merits. The parties agree that the proposed schedule, and continuing cooperation between the parties, may be able to avoid Rule 65 proceedings.

i. One timber sale contract implementing the Salter Project, the House Creek contract, was awarded April 12, 2023. No operations under the House Creek contract are planned or anticipated prior to April 1, 2024, but the Forest Service has agreed to provide Petitioners with 30-days' notice before any operations begin. Likewise, the Forest Service does not have plans to offer or award any additional contracts under the Salter Project in the near future, but has agreed to provide Petitioners with 30-days' notice prior to advertisement of any new contract. Petitioners may seek to enjoin such activities by requesting temporary injunctive relief pursuant to Rule 65 if this case is not resolved by that date.

ii. The Forest Service has plans to implement ongoing road maintenance that would help facilitate eventual Project implementation. Of the listed maintenance, the only road work scheduled to begin relatively soon (anticipated to begin in mid to late August 2023) is the FSR 526 Dolores Norwood maintenance, which will be conducted under a cooperative agreement between Montezuma County and the Forest Service. This road work is part

of an ongoing agreement with the County for annual road maintenance that benefits the public who use FSR 526 and was not planned or authorized solely for the Salter Project. The scope of work this year will be the same as it has been over the past few years and includes patching of the Dolores Norwood Road, which will require more work due to the damage from last year's heavy winter but will not be significantly different from what has been done over the past several years. Petitioners do not object to the road maintenance described by Respondents. Should the Forest Service identify additional road maintenance directly authorized by the Salter Project decision, Respondents will confer with Petitioners thirty days in advance of commencement of any operations. Petitioners may seek to enjoin such activities by requesting temporary injunctive relief pursuant to Rule 65 if this case is not resolved by that date.

## 6. PROPOSED BRIEFING SCHEDULE

A. **Deadline for Filing Administrative Record:** September 29, 2023

B. **Deadline for Motions to Amend Pleadings:** October 30, 2023

After reviewing the administrative record, the parties shall confer on any proposal to amend the pleadings in an effort to avoid motions practice.

C. **Deadline for Parties to Confer on Record Disputes:** October 30, 2023

D. **Deadline for Filing Motions to Complete and/or Supplement the**

**Administrative Record:** November 19, 2023

If there are challenges to the record, all subsequent deadlines will be vacated and the parties will submit a joint status report proposing a new briefing schedule within 7 days after the Court resolves the record challenges.

E. **Petitioner's Opening Brief Due:** December 19, 2023

E. **Respondent's Response Brief Due:** January 29, 2024

F. **Petitioner's Reply Brief (If Any) Due:** February 16, 2024

## 7. STATEMENTS REGARDING ORAL ARGUMENT

A. **Petitioners' Statement:** Petitioners respectfully request oral argument. Petitioners anticipate that resolution of the issues presented by the Complaint would benefit from oral argument that addresses the course of events set out in the administrative record. The administrative procedures ended without providing Petitioners with "a full, albeit informal, discussion of the pertinent issues with the rights of confrontation and cross-examination." *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1584 (10th Cir. 1994). Without benefit of having reviewed the administrative record, Petitioners respectfully submit that oral argument, and perhaps an evidentiary hearing, may be necessary to provide Petitioners' with the required due process in the present matter. *Id*. The present case therefore does not fit neatly within the *Olenhouse* procedures that analogize a district court's Administrative Procedure Act review of agency

actions to appellate procedures used to review district court proceedings that provide required elements of due process and fair play. *Id*.

**B. Respondents' Statement:** Respondents take no position regarding oral argument and defer to the Court's determination of whether oral argument would assist the Court in this case.

## 8. CONSENT TO EXERCISE OF JURISDICTION BY MAGISTRATE JUDGE

***Indicate below the parties' consent choice.***

A. ( ) All parties have consented to the exercise of jurisdiction of a United States Magistrate Judge.

**B. ( X ) All parties have not consented to the exercise of jurisdiction of a United States Magistrate Judge.**

## 9. OTHER MATTERS

Parties filing motions for extension of time or continuances will comply with Fed. R. Civ. P. 5(d)(1) and D.C.COLO.LCivR 5.1(d) by serving a copy of the motion through electronic service upon all attorneys of record and by U.S. mail on all pro se parties, certified by the Notice of Electronic Filing. Parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving such motion on the moving attorney's client.

## 10. AMENDMENTS TO JOINT CASE MANAGEMENT PLAN

The parties agree that the Joint Case Management Plan may be altered or amended only upon a showing of good cause.

DATED this _______ day of August, 2023.

BY THE COURT
______________________
U.S. District Court Judge

APPROVED:

*s/Travis E. Stills*
Travis E. Stills
Energy & Conservation Law
227 E. 14th Street #201
Durango, Colorado 81301
(970) 375-9231
stills@eclawoffice.org
*Attorney for Petitioners*

John W. Rader
San Juan Citizens Alliance
1309 E. 3rd Ave #5
Durango, CO 81301
(970) 259-3593
john@sanjuancitizens.org
*Attorney for Petitioner San Juan Citizens Alliance*

Edward B. Zukoski
Center for Biological Diversity
1536 Wynkoop Street, Suite 421
Denver, CO 80202
(303) 641-3149
tzukoski@biologicaldiversity.org
*Attorney for Petitioner Center for Biological Diversity*

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

*/s/ Emma L. Hamilton*
***Emma L. Hamilton*** (CA Bar No. 325360)
Trial Attorney
Natural Resources Section
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
Phone: (303) 844-1361
emma.hamilton@usdoj.gov

***Leilani Doktor*** (HI Bar No. 11201)
Trial Attorney
Natural Resources Section
Benjamin Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0447
leilani.doktor@usdoj.gov

*Attorneys for Respondents*