**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| SAN JUAN CITIZENS ALLIANCE, and<br>CENTER FOR BIOLOGICAL DIVERSITY<br><br>Petitioners,<br><br>v.<br><br>DEREK PADILLA, in his Official Capacity as District Ranger, Mancos-Dolores Ranger District, San Juan National Forest;<br>DAVID NEELY (successor to Kara Chadwick), in his official capacity as San Juan National Forest Supervisor,<br>UNITED STATES FOREST SERVICE, a Federal Agency within the U.S. Department of Agriculture, UNITED STATES DEPARTMENT OF AGRICULTURE, an agency of the United States,<br><br>Respondents. | ) | Case No. 23-cv-1501-REB |

---

**FIRST MOTION TO AMEND COMPLAINT**

---

Petitioners, through counsel, respectfully submit this first motion to amend the complaint. Fed.R.Civ.Pro.15(a)(2). The proposed First Amended Complaint with strikes through and underlines is filed with this motion. D.C.COLO.LCivR 15.1.

This is the first motion to amend the complaint in this matter. The amendments address two main sets of facts and law that are closely related to the existing claims:

1) Respondents' award of the House Creek timber sale contract that implements the Salter Project was issued without site-specific National Environmental Policy Act ("NEPA") analysis of House Creek Unit; and,

2) information in the administrative record that indicates Respondents intend to spend and/or have spent federal funds and otherwise taken agency action regarding the Salter Project based on the legally erroneous characterization of the Salter Project as a "NEPA-ready" or "shovel-ready component of the Collaborative Forest Landscape Restoration Program ("CFLRP"). 16 U.S.C. § 7303.

The allegations involving the House Creek timber contract were incorporated into the existing claims for relief. An additional claim (Claim 8) was added to address violations of the CFLRP, which has specific eligibility criteria and requirements that include, but are not limited to, restoration criteria based on large tree retention and restoration of the "structure and composition of old growth stands" to pre-fire suppression old growth conditions. 16 U.S.C. § 7303(b)(1)(D). Despite heavy reliance on collaborative processes and numerous public agency statements[1] that the Salter Project and other projects may be NEPA-ready or shovel-ready for CFLRP funding, CFLRP criteria were not addressed as part of

[1] https://www.usda.gov/media/press-releases/2022/04/18/biden-harris-administration-usda-forest-service-invest-more-31 (announcing funding for CFLRP funding in SW Colorado National Forests) (last visited 11/8/2023); ECF 14-2 at 53 (Defendants' statement that, "with tens-of thousands of acres cleared under NEPA, the San Juan National Forest is ready to implement the *Southwest Forest Landscape Restoration Project*.").

the Salter Project NEPA analysis, comparison of alternatives, or the agency approvals.

Pursuant to Local Rule 7.1, Petitioners' undersigned counsel conferred via phone call, describing the proposed amendments and the reasons for the amendments. Respondents' counsel reserved taking a position on the present motion to amend and intends to promptly file a response after reviewing the redlined version of proposed First Amended Complaint.

Petitioners respectfully submit that the First Amended Complaint attached hereto is properly entered in accordance with Fed.R.Civ.Pro.15(a)(2). Rule 15(a)(2) states that "[t]he court should freely give leave when justice so requires," providing litigants "the maximum opportunity for each claim to be decided on the merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal citations and quotations omitted). The main inquiries in the Tenth Circuit are timeliness and absence of prejudice to the defendant. *Id*. Both inquiries are easily satisfied.

First, this First Amended complaint is timely. While Rule 15(a) does not restrict a party's ability to amend its pleading to a particular stage of the proceeding, there is no question that in this instance the case is in the early stages and that Petitioners have swiftly moved after receiving the administrative record. Respondents filed their Answer (ECF 11) on August 21, 2023, followed by production of the administrative record on September 29, 2023. ECF 13 – ECF 20. The parties are undertaking ongoing efforts to resolve questions

regarding the preparation and contents of the administrative record(s), including production of the House Creek contract administrative record.[2]

The present motion is also filed in accordance with jointly proposed scheduling orders establishing deadlines to file responsive pleadings based, in part, on Petitioners' review of the administrative record. ECF 12, 21 (jointly proposed case management orders). The next major milestone in the litigation depends on whether or not the parties can resolve all issues regarding the administrative record without motions practice. *Id*.

Second, granting leave to amend presents no cognizable prejudice that could befall Respondents. The proposed amendment does not unfairly affect Respondents "in terms of preparing their defense to the amendment." *Minter*, 451 F.3d at 1208 (citation omitted). The proposed amendment does not involve "subject matter different from what was in the complaint" that turns on a "significant new factual issue," which is the most common instance of where prejudice to the respondent/defendant arises. *Id*. The proposed amendment simply brings the pleadings forward to reflect the Petitioners' review of the administrative record and related materials, similar to a typical civil plaintiff who seeks to amend the complaint based on what was learned during initial disclosures and discovery. Fed.R.Civ.Pro. 26.

Here, the subject matter remains Respondents' compliance with NEPA for the Salter Project, which includes the House Creek Unit. Respondents' failure to

---

[2] The parties have also discussed potential settlement in an in-person meeting held in Durango, Colorado on October 24, 2023

comply with NEPA at the Project and Unit level is interrelated as the House Creek Unit contract is site-specific implementation of the Salter Project. Claim Eight similarly does not present prejudice as the subject matter remains the challenged Salter Project and NEPA non-compliance. Whether CFLRP funding is appropriate and available for implementation of the Salter Project, and whether the Salter Project analysis ignored CFLRP's forest restoration criteria, will involve resolution of Respondents' NEPA non-compliance, the heart of this case.

For the above reasons, Petitioners respectfully request the Court grant this first motion to amend the complaint, direct Petitioners to serve a clean copy of the amended complaint via the ECF system within 14 days of such order, and direct Respondent to file a responsive pleading within 14 days after Petitioner serves the amended pleading. Fed.R.Civ.Pro. 15(a)(3), D.C.COLO.LCivR 15.1(b).

**RESPECTFULLY SUBMITTED, November 8, 2023**

*s/Travis E. Stills*

Travis E. Stills
Energy & Conservation Law
227 E. 14th Street #201
Durango, Colorado 81301
(970) 375-9231
stills@eclawoffice.org

*Attorney for Petitioners*

John W. Rader
San Juan Citizens Alliance
1309 E. 3rd Ave #5
Durango, CO 81301
(970) 259-3593
john@sanjuancitizens.org

*Attorney for Petitioner San Juan Citizens Alliance*

Allison N. Henderson
Center for Biological Diversity
P.O. Box 3024
Crested Butte, CO 81224
(970) 309-2008

Edward B. Zukoski
Center for Biological Diversity
1536 Wynkoop Street, Suite 421
Denver, CO 80202
(303) 641-3149
tzukoski@biologicaldiversity.org

*Attorneys for Petitioner Center for Biological Diversity*