**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 23-cv-01501-RMR

SAN JUAN CITIZENS ALLIANCE, and
CENTER FOR BIOLOGICAL DIVERSITY,

Petitioners,

v.

NICHOLAS MUSTOE, et al.,

Respondents.

---

**JOINT MOTION FOR RECONSIDERATION**

---

The Parties jointly move the Court under Federal Rule of Civil Procedure 60(b) to reconsider its final judgment dismissing this matter with prejudice, ECF No. 44, and to issue a dismissal with prejudice that includes limited retention of jurisdiction under *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994).

## INTRODUCTION

On June 23, 2025, the Parties submitted to the Court a joint motion to dismiss this case based on the Parties' Settlement Agreement. ECF Nos. 43, 43-1, 43-2. That agreement and motion were predicated on the Court retaining jurisdiction solely "to resolve motions seeking compliance with the terms of the Stipulated Settlement Agreement and to resolve any motions seeking to modify such terms." ECF No. 43-2 (Proposed Order); ECF No. 43-1, ¶ 16 (Settlement Agreement) ("The terms of this Agreement shall become effective upon entry by the Court of the proposed order granting the Parties' joint motion to dismiss, which includes the retention of

jurisdiction to modify or enforce this Agreement.").

The Court granted the Parties' motion to dismiss, but declined the Parties' request to retain jurisdiction, noting that "[t]he proper mechanism for enforcing a settlement agreement is, in almost all cases, through a new action. The parties do not identify any extraordinary circumstance that would justify the Court retaining jurisdiction or why the parties do not have the ability to enforce their settlement agreement without the Court retaining jurisdiction." ECF No. 44.

As set forth below, the Parties believe that the narrow retention of jurisdiction proposed in their motion and Settlement Agreement (ECF Nos. 43, 43-1, 43-2) is appropriate in this case under the Supreme Court's *Kokkonen* framework. The Parties also clarify that the Settlement Agreement cannot be effectively enforced absent such retention of jurisdiction. For these reasons, the Parties respectfully seek reconsideration of the Court's June 24, 2025 Order (ECF No. 44) under Federal Rule of Civil Procedure 60(b).

## ARGUMENT

### I. Narrow Retention of Jurisdiction in this Case is Appropriate Under *Kokkonen*

In *Kokkonen*, the Supreme Court held that when a case is voluntarily dismissed pursuant to a stipulation of dismissal, "the court is authorized to . . . retain jurisdiction over the settlement contract[] if the parties agree." 511 U.S. at 381-82. The Tenth Circuit has affirmed this principle. *See McKay v. United States*, No. 06-1194, 207 Fed. App'x 892, 894 (10th Cir. Nov. 14, 2006) (unpublished) ("A district court can . . . retain jurisdiction over a settlement agreement if the order of dismissal shows an intent to retain jurisdiction or incorporates[1] the settlement agreement.") (quoting *Morris v. City*

---

[1]When incorporating the terms of a settlment agreement into an order, "the Court need not expressly retain jurisdiction." *Complete Fire Prot. v. Kolman*, Civil Action No. 19-cv-

*of Hobart,* 39 F.3d 1105, 1110 (10th Cir.1994)).

## II. Absent Retention of Jurisdiction, the Settlement Agreement Cannot Effectively Be Enforced

This Court declined to retain limited jurisdiction under *Kokkonen* in part based on the general principle that settlements are enforceable "through a new action." ECF No. 44. In *Kokkonen*, the Supreme Court explained that absent action to retain jurisdiction for enforcement purposes, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." 511 U.S. at 382. Thus, in cases without a Federal defendant, a new action to enforce a settlement agreement could be brought in state court as a contract claim. *See, e.g.*, *Jud. Watch, Inc. v. Griswold*, No. 20-cv-02992-PAB-KLM, 2024 U.S. Dist. LEXIS 33561 (D. Colo. Feb. 27, 2024); *Vreeland v. Jacobson*, No. 20-cv-02420-PAB-KAS, 2025 U.S. Dist. LEXIS 30654, at *14 n.4 (D. Colo. Feb. 20, 2025) (on appeal).

Here, however, because the Federal government is a party, state courts lack jurisdiction to hear an action by Petitioners seeking to enforce this settlement against Federal Respondents because "the doctrine of sovereign immunity prohibits suits against the United States except in those instances in which it has specifically consented to be sued." *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 556 (10th Cir. 2000); *see also McKay,* 207 F. App'x at 895-96. The Settlement Agreement explicitly recognizes that it does not constitute an expansion of sovereign immunity. ECF 43-1 ¶ 14. And federal statutes governing contract claims against the United States "impliedly forbid federal courts from ordering declaratory or injunctive relief, at least in the form of specific performance, for contract claims against the government." *McKay,* 207 F. App'x at 895-96 (quoting *Robbins v. U.S. Bureau of Land Mgmt.,* 438 F.3d

---

1134-WJM-STV, 2019 U.S. Dist. LEXIS 80232, at *2 (D. Colo. May 13, 2019) (citation omitted) (request for *Kokkonen* statment mooted by incorporation into the order.).

1074, 1080-81 (10th Cir. 2006)).

Thus, jurisdictional barriers in state and Federal court and the Court's denial of the requested *Kokkonen* retention statement in this case results in a situation where "the parties do not have the ability to enforce their settlement agreement." ECF No. 44; *accord Cattlco, LLC v. United AG Exp. Corp*., No. 07-cv-02066-BNB-KLM, 2009 U.S. Dist. LEXIS 35216, at *6-*8 (D. Colo. Apr. 10, 2009) (discussing that in the absence of either 1) a statement that jurisdiction is retained to enforce the settlement, or, 2) a statement in the dismissal order incorporating the terms of the settlement, there is no procedural mechanism to reopen the dismissed case to enforce the settlement in federal district court, even if an independent basis for jurisdiction, like diversity, is present); *French v. Burlington Coat Factory,* No. 11-cv-00153-WYD-MEH, 2012 U.S. Dist. LEXIS 138133, at *4 (D. Colo. Sep. 26, 2012) (same). Cases where this Court has declined to retain limited jurisdiction under *Kokkonen* and found no "extraordinary circumstances" supporting retention, on the other hand, did not involve the Federal government as a party. *See, e.g.*, *Judicial Watch, Inc.*, 2024 U.S. Dist. LEXIS 33561; *Vreeland*, 2025 U.S. Dist. LEXIS 30654.

Consistent with these principles, this Court has previously entered orders of dismissal containing reservations of jurisdiction under *Kokkonen* where the Federal government is a party to the settlement. *See, e.g.*, *City of Greeley v. U.S. Fish & Wildlife Serv.*, No. 3-cv-1607, ECF No. 47 (D. Colo. April 16, 2009) (granting joint motion to dismiss and retaining limited jurisdiction "for the sole purpose of entering such further orders, direction, or relief as may be necessary or appropriate for the construction, implementation, or enforcement of the Stipulation of Settlement") (citing *Kokkonen*, 511 U.S. at 381); *WildEarth Guardians v. Salazar*, No. 9-cv-1098, ECF Nos. 26-28 (D. Colo. March 24, 2010) (retaining jurisdiction under *Kokkonen* by

adopting the parties' settlement agreement as an enforceable order of the Court); *Ctr. for Native Ecosytems v. U.S. Fish & Wildlife Serv.*, No. 8-cv-2394, ECF No. 14 (D. Colo. June 17, 2009) (same); *Citizens for a Healthy Cmty. v. U.S. Bureau of Land Mgmt.*, No. 20-cv-2484, ECF Nos. 138-39 (D. Colo. August 11, 2022) (terminating case pursuant to stipulation of dismissal conditioned on retention of jurisdiction); *W. Slope Conservation Ctr. v. U.S. Bureau of Land Mgmt.*, No. 20-cv-2787, ECF No. 48 (D. Colo. Oct. 20, 2022) (approving stipulation of dismissal and retaining jurisdiction "for the purpose of determining compliance with the commitments stated in Paragraphs 3 and 6 of the Settlement Agreement and enforcing, if necessary, those commitments.").

Because the Parties believe that the Settlement Agreement does not take effect and cannot be effectively enforced absent this Court's limited retention of jurisdiction under *Kokkonen*, extraordinary circumstances exist that warrant retention of jurisdiction in this case.[2]

## CONCLUSION

For the reasons described above, the Parties respectfully request that the Court amend or withdraw its prior Dismissal Order, ECF No. 44, pursuant to Fed. R. Civ. P. 60(b) and enter an order that narrowly retains jurisdiction to enforce or modify the terms of the settlement agreement. *See* ECF No. 43-2.

---

[2] The Parties further note that the Settlement Agreement and their request that this Court retain limited jurisdiction does not allow either party to reopen the claims in the underlying litigation, nor require ongoing monitoring, reporting, or oversight as is characteristic of consent decrees. Rather, limited retention of jurisdiction under *Kokkonen* would merely allow the Court to retain jurisdiction to enforce or modify the agreement by future motion of either party pursuant to paragraph 6 of the Settlement Agreement. ECF No. 43-1 ¶ 6. Moreover, the Settlement Agreement includes a dispute resolution process that must be exhausted before any party may bring a motion before the Court. *See id.*

**RESPECTFULLY SUBMITTED, July 3, 2025**

For Petitioners:

*s/Travis E. Stills*
Travis E. Stills
Energy & Conservation Law
227 E. 14th Street #201
Durango, Colorado 81301
(970) 375-9231
stills@eclawoffice.org

*Attorney for Petitioners*

John W. Rader
San Juan Citizens Alliance
1309 E. 3rd Ave #5
Durango, CO 81301
(970) 259-3593
john@sanjuancitizens.org

*Attorney for Petitioner San Juan Citizens Alliance*

Allison N. Henderson
Southern Rockies Director
Senior Attorney
Center for Biological Diversity
P.O. Box 3024
Crested Butte, CO 81224
(970) 309-2008
ahenderson@biologicaldivesity.org

*Attorney for Petitioner Center for Biological Diversity*

For Respondents:

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
Environment & Natural Resources Division

United States Department of Justice

*/s/ Emma L. Hamilton*
***Emma L. Hamilton***
(CA Bar No. 325360)
Trial Attorney
Natural Resources Section
c/o United States Attorney's Office
201 Third Street, N.W., Suite 900
Albuquerque, New Mexico 87102
Phone: (202) 305-5689
emma.hamilton@usdoj.gov